**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| JEREMY THOMPSON,<br><br>　　　Plaintiff,<br><br>v.<br><br>LOBEL FINANCIAL CORPORATION AND JOHN DOES I-X.<br><br>　　　Defendants. | CASE NO.<br><br><br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1.　Plaintiff, Jeremy Thompson, brings this action against Lobel Financial Corporation, Inc. ("Lobel") and John Does I-X ("Does I-X") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, as well as the Uniform Commercial Code ("UCC"), Fla. Stat. § 679.101 *et seq.*

**JURISDICTION AND VENUE**

2.　This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4.　Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged,

1

and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. "Repossession companies are ordinarily beyond the scope of the FDCPA. The exception to this general rule is set forth in section 1692f(6)." *Mkhitaryan v. U.S. Bancorp*, No. 2:11-CV-1055 JCM CWH, 2012 WL 6204840, at *3 (D. Nev. Dec. 12, 2012) (quoting *Clark v. Auto Recovery Bureau Conn., Inc*., 889 F. Supp. 543, 546 (D. Conn. 1994)).

6. Section 1692f(6) prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6).

7. "In order to determine whether the secured party had a 'present right' to possession of the collateral, the court must look to state law regarding security interest." *Mkhitaryan*, 2012 WL 6204840, at *4 (quoting *Pflueger v. Auto Fin. Grp., Inc*., No. CV-97-9499 CAS(CTX), 1999 WL 33740813, at *5 (C.D. Cal. Apr. 26, 1999)).

8. Florida law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Fla. Stat § 679.609(2)(b).

9. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. Fla. Stat. § 679.609(2)(a).

10. A repossession agent breaches the peace if it takes property over the protest of a debtor or his family. *See Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989).

11. Moreover, a repossession agent breaches the peace if it damages a debtor's property during a repossession, and creditors are liable for any damage negligently done to

collateral during a repossession. *Quest v. Barnett Bank of Pensacola*, 397 So. 2d 1020, 1024 (Fla. Dist. Ct. App. 1981).

## THE UNIFORM COMMERCIAL CODE

12. The UCC specifically mandates that a "creditor may not breach the peace during self-help repossession." *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 718 (M.D. Fla. 1997); *see also Quest v. Barnett Bank of Pensacola*, 397 So. 2d 1020, 1023 (Fla. Dist. Ct. App. 1981) ("This statute has been construed as providing a creditor a very limited right of possession.").

13. "The statute makes it clear that a creditor runs the risk of serious liability if he proceeds with a self-help repossession when there is a serious objection by the debtor." *In re 53 Foot Trawler Pegasus*, No. 608-CV-117-ORL-18DAB, 2008 WL 4938345, at *5 (M.D. Fla. Nov. 18, 2008).

14. "Consent must be freely given to enter the property of a debtor in order to repossess; the debtor may revoke the right to self-help repossession by objecting to the repossession." *Id*. at *4.

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

15. Like the FDCPA, the FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

16. "The FCCPA is to be construed in a manner that is protective of the consumer." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007). With this in mind, the FCCPA is meant to be read, "in addition to the requirements and regulations of [the FDCPA]." Fla. Stat. § 559.552. "In the event of any inconsistency between any provision of

this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.*

17. The FCCPA provides that "[i]n collecting consumer debts, no person shall…[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

18. "To establish a violation under the [FCCPA], Florida Statute Section 559.72(9), it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Pollock v. Bay Area Credit Serv.*, LLC, 08-61101-CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009).

19. In addition to actual and statutory damages, the FCCPA also provides for punitive damages. "It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris*, 338 So. 2d at 200).

## PARTIES

20. Plaintiff is a natural persons who at all relevant times resided in Jacksonville, Florida.

21. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due to Lobel.

22. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal automobile loan (the "Debt").

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

24. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

25. Plaintiff is a "consumer debtor" as defined by Fla. Stat. § 679.1021(v)

26. Lobel is a California Corporation engaged in the financing of automobiles in the state of Florida.

27. Lobel is a "secured party" as defined by Fla. Stat. § 679.1021(ttt).

28. Lobel is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(6).

29. Lobel is a "debt collector" as defined by Fla. Stat. § 559.55(7).

30. Does I-X are persons or entities that at all relevant times were acting as repossession agents working at the behest of Lobel.

31. Plaintiff is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained.

32. At all relevant times, Does I-X were entities or persons using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

33. Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

34. Does I-X are "debt collectors" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

35. In February of 2019, Plaintiff purchased a 2013 BMW 3 Series (the "Vehicle") from non-party Venmotors, LLC.

36. Plaintiff purchased the Vehicle on credit.

37. In connection with the transaction, Plaintiff executed a Retail Installment Sales Contract with which was subsequently assigned to Lobel.

38. As part of the transaction, Lobel obtained a security interest in the Vehicle.

39. The Vehicle constitutes "collateral" as defined by Fla. Stat. § 679.1021(1)(*l*).

40. Plaintiff purchased and used the Vehicle for his own personal, family, and household use.

41. The Vehicle constitutes "consumer goods" as defined by Fla. Stat. § 679.1021(1)(w).

42. On or before March 17, 2020, Lobel hired Does I-X to repossess the Vehicle.

43. On or about March 17, 2020, at 2 A.M. Does I-X went to Plaintiff's home to repossess the Vehicle.

44. Plaintiff noticed Does I-X's arrival and immediately protested the repossession unequivocally.

45. Plaintiff protested the repossession before Does I-X could complete the repossession.

46. Plaintiff entered the vehicle and would not leave.

47. One of Does I-X's employees physically struggled with Plaintiff over the vehicle's door.

48.     Thereafter, Does I-X lifted the vehicle while Plaintiff occupied it, and repossessed it over Plaintiff's unequivocal objection.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## DOES I-X

49.     Florida law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Fla. Stat § 679.609(2)(b).

50.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the

peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

51. "To avoid a breach of the peace, a recovery agent should retreat from a recovery when there is a confrontation." Florida Department of Agriculture and Consumer Services, *Recovery Agent Handbook* 8 (2019).

52. Does I-X breached the peace by continuing their repossession in the face of Plaintiff's protest.

53. Once Does I-X breached the peace, they lost the right to continue with their repossession.

54. Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF FLA. STAT. § 559.72(9)
## DOES I-X

55. Does I-X had no right to continue with its repossession after Plaintiff protested the repossession and the peace was breached, but it attempted to do so anyway.

56. Does I-X violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right it knew not to exist.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Does I-X violated Fla. Stat. § 559.72(9);

b) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Does I-X from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF FLA. STAT. § 679.609
## LOBEL

57. A secured party violates Fla. Stat. § 679.609 when its repossession agents breach the peace while attempting to repossess collateral.

58. Secured creditors have a non-delegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); Fla. Stat. § 697.609 at Official Comment 3; *see also Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *see also DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992).

59. Nonetheless, Lobel's repossession agents breached the peace by continuing their repossession in the face of Plaintiff protest.

60. Lobel violated Fla. Stat. § 679.609 when its repossession agents breached the peace while attempting to repossess the Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Lobel violated Fla. Stat. § 679.609;

b) Awarding Plaintiff statutory damages pursuant to Fla. Stat. § 679.625(3)(b);

c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 679.625(2);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF FLA. STAT. § 559.72(9)
## LOBEL

61. Does I-X had no right to continue with its repossession after Plaintiff protested the repossession and the peace was breached, but it attempted to do so anyway.

62. Does I-X violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right known not to exist.

63. Secured creditors have a non-delegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); Fla. Stat. § 697.609 at Official Comment 3; *see also Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *see also DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992).

64. As the secured party that hired Does I-X, Lobel is liable for Does I-X's violation of Fla. Stat. § 559.72(9). Fla. Stat. § 697.609 at Official Comment 3.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Does I-X violated Fla. Stat. § 559.72(9);

b) Adjudging that Lobel, as the secured party that hired Does I-X, is liable for Does I-X's violation of Fla. Stat. § 559.72(9);

c) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Lobel from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

h) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

i) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## LOBEL

65. Florida law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Fla. Stat § 679.609(2)(b).

66. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank*

*& Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

67. "To avoid a breach of the peace, a recovery agent should retreat from a recovery when there is a confrontation." Florida Department of Agriculture and Consumer Services, *Recovery Agent Handbook* 8 (2019).

68. Lobel's repossession agents, Does I-X, breached the peace by continuing their repossession in the face of Plaintiff's protest.

69. Once Does I-X breached the peace, they lost the right to continue with their repossession.

70. Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

71. Secured creditors have a non-delegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); Fla. Stat. § 697.609 at Official Comment 3; *see also Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *see also DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Williamson*

*v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992).

72. As the secured party that hired Does I-X, Lobel is liable for Does I-X's FDCPA violation. Fla. Stat. § 697.609 at Official Comment 3

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that Lobel, as the secured party that hired Does I-X, is liable for Does I-X's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

65. Plaintiff is entitled to and hereby demand a trial by jury.

Dated: February 26, 2021.

                                                 Respectfully submitted,

                                                 /s/ Alex D. Weisberg
                                                 Alex D. Weisberg
                                                 FBN: 0566551
                                                 Weisberg Consumer Law Group, PA
                                                 Attorneys for Plaintiff
                                                 5846 S. Flamingo Rd, Ste. 290
                                                 Cooper City, FL 33330

(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206